## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

PEOPLE FOR THE AMERICAN WAY )
FOUNDATION )
2000 M Street, N.W., Suite 400 )
Washington, DC 20036, )
                       )
           Plaintiff, )
                       )
v. )     **COMPLAINT FOR DECLARATORY**
                       ) **AND INJUNCTIVE RELIEF**
NATIONAL SECURITY AGENCY/ )
CENTRAL SECURITY SERVICE, )     Case No.
9800 Savage Road. )
Ft. Meade, MD 20755 )
                Defendant. )

### PRELIMINARY STATEMENT

1.     This is an action under the Freedom of Information Act, 5 U.S.C. § 552, for

injunctive and other appropriate relief and seeking the disclosure and release of agency records

improperly withheld from Plaintiff by Defendant National Security Agency/Central Security

Service.

### JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552 (a)(4)(B).

This Court also has over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1346.  Venue

lies in this district pursuant to 5 U.S.C. § 552 (a)(4)(B) and 18 U.S.C. § 1391(e).

### PARTIES

3.     Plaintiff People For the American Way Foundation ("PFAWF") is a non-profit

public interest organization with its main office located at 2000 M Street, N.W., Suite 400,

Washington, DC 20036, and field offices located in Los Angeles, Chicago, Miami, Tallahassee, New York, and Houston.

4.    As a tax-exempt organization, PFAWF's primary function is the education of its members, supporters, and the general public as to important issues that impact fundamental civil and constitutional rights and freedoms guaranteed by the Constitution and federal law.  These issues include civil liberties, government secrecy, improper government censorship, and First Amendment freedoms.  In order to accomplish its educational goals, PFAWF regularly publishes reports, fact sheets, news releases, media briefings, and other materials to inform the public and for the public's use in participating in public discourse on core issues.  PFAWF distributes its materials through a variety of means, including a newsletter and web site it shares with People For the American Way (www.pfaw.org), planned press events, targeted electronic list services, and alerts to its members and to a network of many other progressive organizations.  The web site in particular addresses First Amendment and civil liberties issues in depth and provides features on such issues in the news.  Plaintiff PFAWF's original written works, as well as its library of reference materials, are widely available to other organizations, researchers, students, faculty, and others, for no cost or for nominal fee through its research department.

5.    Defendant National Security Agency/Central Security Service (hereinafter "NSA") is the recipient of Plaintiff's FOIA request and is, based upon widespread media reports, the agency responsible for administering the warrantless electronic surveillance program that is the subject of Plaintiff's FOIA request.

## STATEMENT OF FACTS

6.    Following the attacks of September 11, 2001, the United States Government (the "Government") pursued a policy which involved secret electronic surveillance of individuals

within its borders without the approval of a court or judge and without explicit authorization by Congress.

7.    As first reported by the *New York Times* on December 16, 2005, this secret surveillance program was authorized by President Bush via a secret Executive Order which specifically granted the NSA authority to conduct warrantless electronic surveillance on individuals in the United States.

8.    The secret surveillance program and other unilateral actions by the federal executive branch have become increasingly common since September 11, 2001, and have generated tremendous public interest and debate.   PFAWF has participated extensively in that process.

9.    PFAWF and its members and supporters have a substantial interest in informing the public concerning the secret surveillance program, such as how many individuals have been the subject of warrantless electronic surveillance by the NSA in the United States pursuant to President Bush's secret Executive Order.

## PFAWF'S FREEDOM OF INFORMATION ACT REQUEST

10.    By letter to the NSA dated December 29, 2005, Plaintiff submitted a Freedom of Information Act ("FOIA") request to Defendant NSA for 16 categories of records relating to the secret surveillance program.  A copy of the letter is attached hereto as Exhibit A.  Similar requests were sent to other federal agencies.

11.    This letter was sent both by regular mail and by facsimile transmission to Defendant, whose website http://www.nsa.gov/foia/foia00008.cfm expressly states that it accepts such requests by fax.

12.    A fax confirmation receipt states that the request was received by Defendant at approximately 5:04 p.m. on December 29, 2005.  A copy of which is attached hereto as Exhibit B.

13.    In its FOIA request letter, Plaintiff requested expedited processing of its request, as it met the criteria for expedited processing under FOIA, and requested a fee waiver because it is an organization that is primarily engaged in disseminating information to the public and because release of the information is in the public interest.

14.    As an alternative to full production of documents responsive to several sections of Plaintiff's FOIA request, PFAWF's letter also stated that it would accept "a full list of the number of domestic wiretaps or other electronic surveillance conducted by the NSA and the number of persons subject to that surveillance within the requested time frame under authority granted by the Order, with the names of the targeted individuals or organizations redacted."

15.    Plaintiff proposed the above alternative in its FOIA request, as well as expressly indicating its willingness to accept redacted copies of responsive agency records, because one of its primary interests "is determining the total number of times the NSA has conducted electronic surveillance on individuals within the United States pursuant to the Order without having first obtained a court-approved warrant, and the number of persons subjected to that surveillance."

## NSA'S CONSTRUCTIVE DENIAL OF PFAWF'S FOIA REQUEST

16.    Plaintiff has not received any response from Defendant as to its FOIA request, its request for expedited processing or its request for fee waiver, although it has received such a response from all the other agencies to which it sent a similar request.

17.    Defendant was required to respond to PFAWF's December 29, 2005 request for expedited processing within 10-calendar days pursuant to 5 U.S.C. §552 (a)(6)(E), by January 8, 2006, but failed to do so.

18.    Defendant failed to respond to PFAWF's FOIA request within the 20-business day time limit set forth in 5 U.S.C. §552 (a)(6)(A)(i) for the processing of standard requests, which expired on January 30, 2006.

19.    Defendant's failure to respond in any way to PFAWF's FOIA request within the prescribed time limits is in violation of the FOIA and is a constructive denial of Plaintiff's request.

20.    Defendant has provided no explanation for its failure to disclose the properly requested agency records or to respond to Plaintiff's request.

21.    Defendant has made no attempt to segregate exempt from nonexempt material under FOIA in response to PFAWF's request.

22.    Defendant also failed to respond to PFAWF's alternative request for a full list of the number of domestic wiretaps with the names of the persons redacted, if required.

23.    Pursuant to 5 U.S.C. §552 (a)(6)(C)(i), because of Defendant's failure to meet any of the applicable time limits set forth in the FOIA, Plaintiff is deemed to have exhausted its administrative remedies.

## CAUSE OF ACTION

24.    Plaintiff repeats and realleges the allegations in paragraphs 1 through 21 as if fully set forth herein.

25.    Defendant's failure to disclose the requested documents violates the Freedom of Information Act, 5 U.S.C. § 552.

**WHEREFORE,** Plaintiff prays that this Court:

A.   Enter an order declaring that the NSA has wrongfully withheld the requested agency records;

B.   Issue a permanent injunction directing the NSA to process and disclose to the Plaintiff all requested documents;

C.   Maintain jurisdiction over this action until the NSA is in compliance with the Freedom of Information Act and every order of this Court;

D.   Award Plaintiff its attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

E.   Grant such other relief as this Court may deem just and proper.


Respectfully submitted,

PEOPLE FOR THE AMERICAN WAY
FOUNDATION


By: _____
              Counsel
Elliot M. Mincberg
DC Bar No. 941575
People For the American Way Foundation
2000 M Street, Suite 400
Washington, DC  20036
(202) 467-4999 (telephone)
(202) 293-2672 (facsimile)

Exhibit A – Plaintiff's FOIA Request dated December 29, 2005.



PEOPLE
FOR THE
AMERICAN
WAY
FOUNDATION

**VIA FACSIMILE TRANSMISSION AND VIA FIRST-CLASS MAIL DELIVERY**

December 29, 2005

National Security Agency
Attn: FOIA/PA Office (DC34)
9800 Savage Road, Suite 6248
Ft. George G. Meade, MD 20755-6248
Fax to: 443-479-3612

U.S. Department of Defense
Office of Freedom of Information
1155 Defense Pentagon
Washington, DC 20301-1155
Fax to: 703-696-4506

FOIA/PA Mail Referral Unit
Justice Management Division
U.S. Department of Justice
950 Pennsylvania Avenue
Washington, DC 20530-0001
Fax to: 202-616-6695

Chief, FOIA/PA Section
Federal Bureau of Investigations
J.Edgar Hoover Building
935 Pennsylvania Ave.
Washington, DC 20530-0015
Fax to: 202-324-3752

Information and Privacy Coordinator
Central Intelligence Agency
Washington, DC 20505
Fax to: 703-613-3007

RE:    FREEDOM OF INFORMATION ACT REQUEST &
       REQUEST FOR EXPEDITED PROCESSING

Dear Freedom of Information Officers:

This letter constitutes a request under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") submitted on behalf of People For the American Way Foundation ("PFAWF").

A.    Records Sought

We seek disclosure of the following agency records:

1.    Any and all documents relating to an individual or organization that has been the subject of electronic surveillance by the NSA in the United States without a court approved warrant pursuant to the Executive Order signed by President Bush in 2002 authorizing the NSA to conduct warrantless wiretaps domestically (hereinafter "the Order"), including, without limitation, documents authorizing the initiation of such electronic surveillance.

2.    Any and all documents that refer, reflect or relate to the total number of individuals that have been the subject of electronic surveillance by the NSA in the United States without a court approved warrant pursuant to the Order since the date of the Order up to the date of this request.

3.    Any and all documents that refer, reflect or relate to the total number of individuals who have been the subject of warrantless electronic surveillance by

the NSA in the United States since the mid-2004 Department of Justice audit of the NSA's warrantless domestic electronic surveillance program up to the date of this request.

4.   Any and all documents that refer, reflect or relate to the total number of wiretaps or other instances of electronic surveillance conducted by the NSA pursuant to authority granted the NSA by the Order regardless of whether such number includes successive wiretaps conducted on the same individual.

5.   Any and all documents relating to an attempt by the NSA to conduct warrantless electronic surveillance on an individual within the United States pursuant to the Order that failed to satisfy any set of predetermined conditions for warrantless electronic surveillance as established by any policy, procedure, notice, directive or practice.

6.   Any and all documents relating to any audit or review of the NSA's program to conduct domestic warrantless electronic surveillance on individuals within the United States (hereinafter "the NSA program") pursuant to the Order since its execution, whether such audit or review was conducted internally by the NSA or externally, and whether such review or audit was conducted for the benefit of congressional or executive branch use.

7.   Any and all documents that refer, reflect or relate to any concern, objection or question raised within the NSA about the NSA program conducted pursuant to the Order.

8.   Any and all documents that reflect, refer or relate to communications with members of the United States Senate or House of Representatives about the NSA program to conduct domestic warrantless electronic surveillance, including, without limitation, copies of correspondence from or to members of Congress with any government person or agency about the NSA program.

9.   Any and all documents that reflect, refer or relate to the names of any member of the United States Senate or House of Representatives who has been briefed or informed about the program.

10.  Any and all documents relating to the dozen or more briefings to Congress about the NSA program referenced by Vice President Dick Cheney in his interview with ABC News "Nightline" on December 18, 2005, including without limitation any documents prepared for use in such briefings and any documents that reflect the attendees and dates of any such briefings. See Hope Yen, *Lawmakers Call for Investigation into Domestic Spying Program*, The Associated Press, Dec. 19, 2005, and attached hereto.

11.  Any document that contains or relates to any "checklist" or list created either by the Department of Justice, the Federal Bureau of Investigation or the NSA for use in determining whether probable cause or any justification exists for the initiation of a warrantless electronic surveillance of an individual in the United States by the NSA pursuant to the Order, including, without limitation, copies of initial drafts of such a "checklist," any subsequent revisions to a checklist, and any checklists relating to a specific individual that was considered as a subject of electronic surveillance under the NSA program whether or not such individual was ever in fact subjected to it.

12.  Any and all records relating to the NSA's electronic surveillance of Ohio trucker Iyman Fairs, who was reported as having been a subject of the NSA program and who was allegedly involved in a plot to destroy the Brooklyn Bridge, including without limitation any checklist or approval of the NSA's electronic surveillance of him. *See* James Risen and Eric Lichtblau, *Bush Lets U.S. Spy on Callers Without Courts*, New York Times, Dec. 16, 2005, and attached hereto.

2

13. Any and all records relating to a warrantless electronic wiretap conducted under the NSA program that uncovered an alleged al Qaeda plot involving fertilizer bomb attacks on British pubs and train stations, including without limitation any checklist or approval of such electronic surveillance. *Id.*

14. All records provided to or created for Attorney General Alberto Gonzales or General Michael Hayden in preparation for or for their use during their press briefing on December 19, 2005 about the NSA program and the Order.

15. All records provided to or created for the White House in preparation or for its use during the news conference held by President Bush on December 19, 2005 about the NSA program and the Order.

16. Any and all NSA records relating to People For the American Way Foundation or People For the American Way.

As to Request Nos. 2 – 4, PFAWF is willing to accept a full list of the number of domestic wiretaps or other electronic surveillance conducted by the NSA and the number of persons subject to that surveillance within the requested time frame under authority granted by the Order, with the names of the targeted individuals or organizations redacted. Alternatively, PFAWF is also willing to accept redacted copies of the actual records responsive to Nos. 2-4. Because our primary interest is determining the total number of times the NSA has conducted electronic surveillance on individuals within the United States pursuant to the Order without having first obtained a court-approved warrant, and the number of persons subjected to that surveillance, either of these options are acceptable alternative responses to Request Nos. 2-4. This basic information on how many people have been wiretapped pursuant to the Order, and how many times such surveillance has occurred, should clearly be disclosed to the American people.

B.    Request for Expedited Processing

PFAWF requests that you provide this information as soon as possible as it meets the criteria for expedited processing under the FOIA.

First, the requesting organization is primarily engaged in disseminating information to the public, that is, it is an entity that "gathers information of potential interest to a segment of the public" and "uses its editorial skills to turn raw materials into a distinct work, and distributes them to an audience." *National Security Archive v. Department of Defense*, 880 F.2d 1381, 1387 (D.C. Cir. 1989). PFAWF publishes news releases, media briefings, reports, and other materials that are disseminated to the public for its use in participating in the public discourse on important civil and constitutional rights. PFAWF's materials are widely available to everyone, including tax-exempt organizations, not-for-profit groups, law students and faculty, for no cost or for a nominal fee through its research department. Requester also disseminates information through its Web site (www.pfaw.org). The Web site addresses civil liberties issues in depth, provides features on civil liberties issues in the news, and contains hundreds of documents that relate to the issues on which PFAWF is focused.

Second, records as to the NSA's electronic surveillance of individuals within the United States without a court approved warrant in violation of the Fourth Amendment is information that is "urgently needed to inform the public concerning some actual or alleged government activity." PFAWF is making this request specifically to further the public's understanding of the government's secret activities in its war on terrorism, a matter that is particularly pertinent in light of the Supreme Court's decisions in 2004 which made clear that there limits to the President's powers even during times akin to war, particularly when they infringe on the fundamental rights of American citizens.

Third, the NSA program of conducting secret electronic surveillance of Americans within the United States "is of widespread and exceptional media interest and the information sought involves possible questions about the government's integrity which affect public confidence." The exceptional interest in this matter is incontrovertible as prominent members of both parties have called for a congressional investigation into the NSA program since the New York Times first shed light of its existence last week. As public officials and the American people have made clear, the protection of civil liberties for citizens and non-citizens alike is one of this country's most fundamental promises. A small selection of news articles that reflect the strong public interest in the materials PFAWF seeks in our request is attached hereto.

Finally, the government's disturbing secrecy policy surrounding its anti-terrorism tactics raises serious questions as to its credibility and integrity. For over three years, the administration has authorized the NSA to conduct secret wiretaps of Americans despite its repeated assertions that it has been conducting its war on terrorism within the confines of the law. This newly discovered program is in direct contradiction to President Bush's own words in response to concerns about the erosion of civil liberties caused by the PATRIOT Act when he said: "[A]ny time you hear the United States government talking about wiretap, it requires - a wiretap requires a court order. Nothing has changed, by the way. When we're talking about chasing down terrorists, we're talking about getting a court order before we do so." *See* Remarks by the President in a Conversation on the USA Patriot Act on April 20, 2004 attached hereto. This newly discovered secret activity by the NSA raised serious questions that should be promptly answered about how many times the government has conducted warrantless wiretaps on individuals within the United States and who was aware of the program. The concern that the government has consistently sought to prevent the public and the media from monitoring its post 9/11 activities in any meaningful way seriously undermines public confidence in the government.

In sum, this request is about federal government activity, it concerns a matter of current exigency to the American public, and the consequences of delaying a response would compromise a significant recognized interest. *See Al-Fayed v. CIA*, 254 F.3d 300 (D.C. Cir. 2001). This request for expedited processing should thus be granted and PFAWF looks forward to your reply within 20 business days, as the statute requires under Section 552(a)(6)(A)(I).

I certify that my statements concerning the need for expedited review are true and correct to the best of my knowledge and belief.

C.    <u>Request for Fee Waiver</u>

We request a waiver of the fees involved in the processing of this request for two reasons. First, PFAWF should be entitled to the exemption afforded news media and educational institutions because its mission is consistent with both types of organizations. As described above, PFAWF is primarily engaged in disseminating information to the public. It should, therefore, be afforded the same exemption granted educational and news organizations.

Second, PFAWF should be entitled to the waiver of any fees because the release of these records is indisputably in the public interest. As described above, the government's disturbing secrecy policy surrounding its anti-terrorism tactics raises serious questions that deserve an answer. The authorization and conduct of secret warrantless wiretaps of Americans directly violates one of the basic tenets of this country's constitutional guarantees and the public is entitled to know how many times and what manner the government has been engaging in such activity. These records cannot be obtained from other sources. PFAWF has expertise in

reviewing these types of records because we have, for many years, been involved in disseminating information about the government's conduct of the war on terrorism to the public - we have 750,000 members and regularly transmit information of public interest to our members and news media. Given the public's interest in the documents requested and PFAWF's expertise in reviewing and analyzing such documents, and PFAWF's ability to transmit information about these types of documents to a wide audience, PFAWF seeks a waiver of any fees associated with this request.

    Thank you for your prompt attention to this matter. Please respond to Elliot Mincberg, General Counsel, People For the American Way Foundation, 2000 M Street, NW, Suite 400, Washington, DC 20036, (202) 467-4999.

Sincerely,

Elliot Mincberg, General Counsel
People For the American Way Foundation

Enclosures

Exhibit B – Plaintiff's Facsimile Transmission Receipt dated
December 29, 2005.

```
************** -COM. JOURNAL- ******************* DATE DEC-29-2005 ***** TIME 17:07 *** P.01

      MODE = MEMORY TRANSMISSION              START=DEC-29 17:04     END=DEC-29 17:07

      FILE NO.= 216

STN NO.    COM    ABBR NO.    STATION NAME/TEL.NO.    PAGES    DURATION

 001       OK       ☎         14434793612--09203      006/006   00:02'50"

                                                          -PFAW-               -

************************************* -        - ***** -            - *********
```

# PEOPLE FOR THE AMERICAN WAY FOUNDATION

To: National Security Agency
       FOIA

Of:

From: Elliot Mincberg

Date: Dec 29, 05

Pages: 6

Phone:

Fax: 443-4793612

Phone:

*This transmission is intended for the sole use of the individual and entity to whom it is addressed, and may contain information that is privileged, confidential or exempt from disclosure under applicable law. You are hereby notified that any dissemination, distribution or duplication of this transmission by someone other than the intended addressee or its designated agent is strictly prohibited. If your receipt of this transmission is in error, please notify us immediately by collect call to (202) 467-4999, and send the original transmission to us by return mail at the below address.*

2000 M Street  ♦  Suite 400  ♦  Washington, DC 20036
Phone 202.467.4999  ♦  Fax 202.293.2672  ♦  pfaw@pfaw.org  ♦  www.pfaw.org