## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PEOPLE FOR THE AMERICAN WAY FOUNDATION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No.  06-00206 (ESH) |
| v. | ) ) | |
| NATIONAL SECURITY AGENCY/ CENTRAL SECURITY SERVICE, | ) ) ) | |
| Defendant. | ) | |

## PLAINTIFF'S REPLY IN SUPPORT OF ITS
## MOTION FOR PARTIAL SUMMARY JUDGMENT

This case arises out of a Freedom of Information Act ("FOIA") request submitted by the People for the American Way Foundation ("PFAWF"), to Defendant, the National Security Agency ("NSA").  The FOIA request contained 16 separate requests for information.  Currently before the Court is Defendant's Motion for Summary Judgment on Plaintiff's FOIA requests 2-4, 6, and 16 and Plaintiff's Motion for partial Summary Judgment on its FOIA requests 2-4.  With respect to FOIA request 6, Plaintiff reiterates its opposition to Defendant's Motion for Summary Judgment and stands by its previous discussion regarding its FOIA request 16.  The other components of the FOIA request are no longer at issue.  As discussed below, as well as in Plaintiff's earlier submissions, Defendant's motion should be denied and the Plaintiff's motion for partial summary judgment should be granted.

I.    **DEFENDANT'S SECRET SURVEILLANCE PROGRAM IS NOT STATUTORILY AUTHORIZED AND THEREFORE IS NOT SUBJECT TO EXEMPTION THREE OF FOIA**

Defendants argues, both in its original Motion for Summary Judgment and in its opposition to Plaintiff's Motion for Partial Summary Judgment, that the statistics requested in Plaintiff's FOIA requests 2 through 4 are exempted from disclosure under Exemption Three to the FOIA. Defendant's argument must be rejected because a court has recently held that the activities at issue are illegal, and documents pertaining to them thus cannot be protected through exemptions to the FOIA.

Defendant claims that any information related to its secret surveillance program, or Terrorist Surveillance Program ("TSP") as it calls it, is exempt from disclosure by the broadly worded Section 6 of the National Security Act of 1959 protecting "activities" of the NSA from dissemination. 50 U.S.C. § 402 note.[1] However, in Hayden v. NSA, 608 F.2d 1381 (D.C. Cir. 1979), the court questioned the scope of Section 6's protection of illegal governmental activities. Although not directly pertinent to its decision in that case, the court stated that "[c]ertainly where the function or activity is *authorized by statute and not otherwise unlawful,*

---

[1] Defendant also claims information related to the TSP is exempt from disclosure under FOIA Exemption Three through the invocation of 50 U.S.C. § 403-1(i)(1) and 18 U.S.C. § 798(a). 50 U.S.C. § 403-1(i)(1) requires the Director of National Intelligence to "protect intelligence sources and methods from unauthorized disclosure," while 18 U.S.C. § 798(a) makes it a crime to disseminate any classified information regarding the communications intelligence activities of the United States in a manner that would be prejudicial to the national interests. Much like 50 U.S.C. § 402 note, neither contemplates the use of the statute to shield illegal activities from disclosure, and therefore, these statutes cannot be invoked in the instant case.

NSA materials integrally related to that function or activity fall within [Section 6] and Exemption 3" (emphasis added).  More recently, the court in Terkel v. AT&T Corp., also raised serious doubts about the ability of Section 6 to shield illegal activities from disclosure, stating that if

> "[S]ection 6 is taken to its logical conclusion, it would allow the federal government to conceal information regarding blatantly illegal or unconstitutional activities simply by assigning these activities to the NSA or claiming they implicated information about the NSA's functions…[i]n short, the Court is hard-pressed to read section 6 as essentially trumping every other Congressional enactment and Constitutional provision." 441 F.Supp.2d 899, 905 (N.D. Ill. 2006).

In the instant case, the activity in question, the TSP, was recently deemed in violation of multiple federal statutes and the First and Fourth Amendments to the United States Constitution.  American Civil Liberties Union v. National Sec. Agency, 438 F.Supp.2d 754 (E.D. Mich. 2006), stay granted by, ___ F.3d ___, 2006 WL 2827166 (6th Cir. Oct. 4, 2006).[2]  In that case, the district court found, in part, that the TSP violated the Foreign Intelligence Surveillance Act ("FISA").[3]  In addition, the United States House of Representatives recently passed legislation aimed at expanding the powers of the Executive Branch to conduct the kinds of activities at the heart of the TSP so that it specifically will not be in violation of FISA.  H.R. 5825, 109th Cong. (2006); Thomas Ferraro, House Passes Warrantless

---

[2] Although the 6th Circuit recently granted a stay to allow the NSA to continue the TSP while the court is deciding the NSA's appeal, it is still true that there is no clear statutory or Constitutional grant of power to the Executive Branch of the U.S. government to undertake the illegal surveillance that is at the heart of the TSP.

[3] Pub. L. 95-511, Title I, 92 Stat 1976 (Oct. 25, 1978), codified as amended at 50 U.S.C. §§ 1801 et seq.

Domestic Spying Measure, Wash. Post (online), Sept. 28, 2006, available at http://www.washingtonpost.com/wp-dyn/content/article/2006/09/28/AR2006092802052 .html .  The clear thrust of this legislation is to make actions that are currently illegal lawful so that the Defendant can continue the TSP indefinitely.  Even if such a law passes both chambers of Congress, the amended law would still likely run afoul of the U.S. Constitution.  438 F.Supp.2d at 782.

     FOIA was clearly not designed to protect the TSP from public scrutiny.  Instead, FOIA was designed in part to shed light on illegal activities undertaken by our federal government.  NLRB v. Robbins Tire & Rubber Co., 437 U.S. 214, 241, 98 S.Ct. 2311, 57 L.Ed.2d 159 (1978) (stating FOIA's purpose is "to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed").  Since President Bush confirmed the existence of the TSP in December 2005, the citizenry of the United States has remained uninformed about this secret surveillance program by an obstreperous Executive Branch bent on protecting its ability to engage in activities that have since been deemed illegal.  While Plaintiff recognizes the Defendant's expertise in signals intelligence, FOIA, and Exemption 3 in particular, cannot and should not be used as a method of shielding illegal governmental activity.  This is especially so in a case like this where all Plaintiff seeks are numbers – as opposed to specific information of a different kind – where the

likelihood of any kind of harm through the release of such numbers is extremely

attenuated and speculative at best.

II.    **DEFENDANT'S INVOCATION OF EXEMPTION ONE IS
       INAPPLICABLE BECAUSE THE SURVEILLANCE PROGRAM IS
       ILLEGAL, RELEASE OF THE REQUESTED INFORMATION COULD
       NOT REASONABLY BE EXPECTED TO RESULT IN DAMAGE TO
       NATIONAL SECURITY AND PUBLIC INTEREST COMPELS
       DISCLOSURE**

As discussed in Section I, the court in <u>American Civil Liberties Union</u> found

that the TSP is unlawful, an opinion shared by many in Congress, who now seek to

legitimize the program under FISA.  438 F.Supp.2d 754.  While it would be

dangerous policy to permit any FOIA exemption to shield illegal activities or

illegally acquired information, such an application is explicitly prohibited under

Exemption One.  Exec. Order 13292, 68 Fed. Reg. 15315 § 1.7 (Mar. 25, 2003),

which governs the classification of information protected under Exemption One,

states that an agency may never classify information in order to "conceal violations

of law".

But even if the TSP were legal, the information Plaintiff seeks is not properly

classified and protected under Exemption One unless its disclosure "reasonably

could be expected to result in damage to the national security."  <u>Id.</u> §1.2.  Plaintiff

does not question the Defendant's expertise in assessing such matters.  Rather

Plaintiff challenges Defendant's institutional bias towards secrecy which can, as

here, result in well-intentioned overclassification that stretches the boundaries of

what is objectively reasonable to expect.  As an example, the court need look no

further than the Defendant's only specific explanation as to how the requested

disclosure could reasonably pose a threat to national security.  Defendant's
argument that releasing the aggregate total of individuals subjected to the TSP over
a period of several years would lend ammunition to a terrorist mastermind who
knows just how many terrorists were operating in the United States at the time is
hard to take seriously when the Central Intelligence Agency had this to say about
the nature of the terrorist threat in early 2004:

> [F]ar-flung groups increasingly set the agenda, and are redefining the
> threat we face. They are not all creatures of Bin Laden, and so their
> fate is not tied to his. They have autonomous leadership, they pick
> their own targets, and they plan their own attacks.

Written Statement for the Record of the Director of Central Intelligence Before the
National Commission on Terrorist Attacks Upon the United States, March 24, 2004;
See Defendant's Reply to Plaintiff's Motion for Summary Judgment at 8.

Moreover, even should the court find the Defendant's argument persuasive
that providing generalized statistics for both the number of individuals and the
number of intercepts over a period of time enables terrorists to calculate a
dangerous average (which it should not), ordering the release of one figure or the
other would be a more reasonable solution than withholding both.  See id. at 10.

And yet, even if this court were to find that any disclosure of the requested
information "reasonably could be expected to result in damage to the national
security," the fact remains that Exemption One is a qualified exemption because the
underlying executive order is qualified by the countervailing need for public
disclosure.  Exec. Order 13292, 68 Fed. Reg. 15315, § 3.1(b).  As discussed in Section
I, there is a compelling need to disclose even the modest statistics requested here

lest the public wallow in ignorance about encroachments on its democratic and constitutional rights. Without such a check on Executive transgressions, even a serious threat like that posed by international terrorism could quickly become a pretext for home-grown tyranny. Where, as here, the public interest in disclosure outweighs the need to protect classified information, the information should be disclosed. Id. § 3.1(b). Plaintiff's sole interest in this case is the American public's interest, particularly in terms of democratic values and the open exchange of ideas and information. Particularly in light of the speculative nature of any harm to national security from the disclosure of broad statistics on the TSP program, which Defendant has failed to document, this interest clearly warrants disclosure of the information sought in this case.

III. **DEFENDANT'S READING OF PLAINTIFF'S FOIA REQUEST NUMBER 6 IS INAPPROPRIATELY NARROW AND DEFENDANT'S SEARCH FOR SUCH DOCUMENTS WAS INADEQUATE**

Defendant stated it did not search for any documents related to legal determinations that the TSP was lawful because Defendant claimed such a document was not responsive to Plaintiff's FOIA request number 6. Defendant's Reply to Plaintiff's Motion for Summary Judgment at 15. In addition, Defendant claimed that within the context of Plaintiff's requests for "operational" information, this reading of Plaintiff's request number 6 was correct. Id. However, Defendant's decision to take this exceedingly narrow reading of Plaintiff's request is unreasonable and inappropriate in the context of this case and resulted in an inadequate search for responsive documents.

In reviewing the adequacy of an agency's search at the summary judgment stage of litigation, a court is required to review the reasonableness of the search, construing all facts in the light most favorable to the requestor. <u>Pollack v. United States Bureau of Prisons</u>, 879 F.2d 406, 409 (8th Cir.1989); <u>Zemansky v. EPA</u>, 767 F.2d 569, 571 (9th Cir. 1985). The agency must show the search was reasonable under the facts of the case to prevail. <u>Zemansky</u>, 767 F.2d at 571. Plaintiff's FOIA request number 6 requested in part "any and all documents relating to any audit or review of the [TSP] … whether such audit or review was conducted internally by the NSA or externally, and whether such review or audit was conducted for the benefit of congressional or executive branch use." Given the serious doubt raised as to the legality of the TSP since President Bush acknowledged the program on December 17, 2005, it is disingenuous and unreasonable for the Defendant to claim that it only searched for "operational" audits or reviews.

Defendant has admitted that legal reviews of the TSP existed. Defendant's Reply to Plaintiff's Motion for Summary Judgment at 14. It is widely known that Defendant relies on external agency counsel to handle many of its legal needs, as is evidenced by the U.S. Department of Justice's ("DOJ") handling of the instant case. In fact, the DOJ's Office of Intelligence Policy and Review lists among its core activities that it "assists Government agencies by providing legal advice on matters of national security law and policy." United States Department of Justice Office of Intelligence Policy and Review, available at http://www.usdoj.gov/oipr/. Therefore any external "review" of the TSP, especially one conducted by the DOJ, necessarily

8

includes legal reviews of the program because such a review by the DOJ is most likely to be legal in nature.

The fact that the Electronic Privacy Information Center and the American Civil Liberties Union submitted FOIA requests to the Defendant requesting legal memoranda and opinions has no bearing on the adequacy of Defendant's search in the instant case. The fact that two other entities submitted more specific requests for legal memoranda and opinions sheds no light on whether the Plaintiff's request was sufficiently specific. As discussed above, Plaintiff's FOIA request was sufficiently specific to require Defendant to include legal reviews of the TSP in its searches. Any external reviews of the TSP necessarily included legal reviews of the program.[4] Certainly, in viewing the facts of the case in the light most favorable to the Plaintiff, Defendant's motion for summary judgment on Plaintiff's request number 6 must fail because of the inadequacy of Defendant's search for documents responsive to that particular request. To the extent Defendant claims that any such final legal determinations would be subject to any of the FOIA exemptions, Plaintiff reiterates its argument in opposition to the Defendant's Motion for Summary Judgment on Plaintiff's FOIA request 6. See Plaintiff's Memorandum in Support of

---

[4] Although not discussed in detail here, Plaintiff maintains any internal reviews of the TSP would necessarily also include internal legal reviews of the program. Plaintiff chooses to focus its attention on external reviews given General Hayden's acknowledgement of a "legal opinion from Justice" during his Senate confirmation hearings on March 18, 2005, but maintains any internal reviews of the TSP by Defendant would include legal reviews. See Hearing on the Nomination of Gen. Michael Hayden to be Director of the CIA before the S. Select Comm. on Intelligence, 109th Cong. (2006) (statement of General Michael Hayden, Principal Deputy Director of National Intelligence).

Its Motion for Partial Summary Judgment and in Opposition to Defendant's Motion for Summary Judgment at 20-27.

**<u>CONCLUSION</u>**

For the reasons stated herein and in Plaintiff's Memorandum in Support of Its Motion for Partial Summary Judgment and in Opposition to Defendant's Motion for Summary Judgment, Plaintiff is entitled to summary judgment with respect to its FOIA requests 2-4 and Defendant is not entitled to summary judgment.

Respectfully submitted,

_____/s/_____
MICHAEL L. MARTINEZ
DC Bar No. 347310
JOHN MCCARTHY
CHRISTOPHER GAGNE
CHRISTOPHER CALSYN
Crowell & Moring, LLP
1001 Pennsylvania Ave., NW
Washington, DC 20036
(202) 624-2500 (telephone)
(202) 628-5116 (facsimile)
Email: mmartinez@crowell.com

ELLIOT M. MINCBERG
DC Bar No. 941575
DEBBIE LIU
People For the American Way
Foundation
200 M Street, Suite 400
Washington, DC 20036
(202) 467-4999 (telephone)
(202) 293-2672 (facsimile)
Email: emincberg@pfaw.org

Dated: October 9, 2006

CERTIFICATE OF SERVICE

I hereby certify that this 9th day of October, 2006, I sent one copy of the

foregoing reply memorandum to the following counsel for defendant via electronic

mail:

Rupa Bhattacharyya
U.S. Department of Justice, Civil Division
P.O. Box 883
Washington, D.C.  20530
Rupa.bhattacharyya@usdoj.gov


        /s/ Michael L. Martinez
Michael L. Martinez

11